IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER D. SILVA, | ) | Case No. 3:16-cv-2767 |
| | ) | |
| Petitioner, | ) | JUDGE JACK ZOUHARY |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| NEIL TURNER, Warden, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |
| | ) | |

## I.      Introduction

Petitioner Christopher D. Silva seeks a writ of habeas corpus under 28 U.S.C. § 2254, claiming that his conviction in *State v. Silva,* Case No. 14 CR 0098, violated his constitutional rights.  ECF Doc. 1.  Warden Neil Turner, the respondent, has filed a return of writ.  ECF Doc. 7. Silva filed a traverse.  ECF Doc. 8.

This matter is before the undersigned by an automatic order of reference under Local Rule 72.2 for preparation of a report and recommendation on Silva's petition or other case-dispositive motions.  Because Silva's grounds for relief are procedurally defaulted, present non-cognizable issues on habeas review and lack merit, I recommend that the court DENY his petition.

## II.     State Court History

### A.     Trial Court Conviction and Sentence

On October 17, 2014, a Henry County, Ohio grand jury indicted Silva of one count of aggravated burglary in violation of Ohio Rev. Code § 2911.11(A)(1) and one count of felonious assault in violation of Ohio Rev. Code § 2903.11(A)(1).  Silva initially pleaded not guilty.  ECF Doc. 7-1 at Ex. 2, Page ID# 60.  On March 2, 2015, Silva changed his plea to a guilty plea on the felonious assault charge in exchange for the state's agreement to dismiss the aggravated burglary charge.  The state also agreed to recommend an eight year sentence.  ECF Doc. 7-1 at Ex. 3, Page ID# 63-64.  The court accepted Silva's guilty plea and sentenced him to an eight year prison term in a judgment entry dated April 1, 2015.  ECF Doc. 7-1 at Exs. 4 & 5, Page ID# 65, 68-69.

### B.     Direct Appeal

On April 14, 2015, Silva, represented by new counsel, filed a timely notice of appeal in the Ohio Court Appeals.  ECF Doc. 7-1 at Ex. 7, Page ID# 72.  In his merit brief, Silva raised a single assignment of error and presented one issue for review:

I.     The sentence imposed upon defendant-appellant was contrary to law and an abuse of discretion.

<u>ISSUE PRESENTED FOR REVIEW</u>

I.     Whether the sentence imposed upon defendant-appellant was contrary to law and an abuse of discretion because it imposed an improper amount of post-release control and failed to properly consider how to punish appellant using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources.

ECF Doc. 7-1 at Ex. 8, Page ID# 79.  The state did not file a brief in response.

On February 1, 2016, Silva's appellate counsel moved to withdraw because he had accepted another job.  ECF Doc. 7-1 at Ex. 9, Page ID# 119-120.  On February 12, 2016, the court of appeals granted the motion to withdraw and ordered that the clerk certify a copy of the judgment entry granting withdrawal to the trial judge "for purposes of the appointment of a different attorney" for Silva.  ECF Doc. 7-1 at Ex. 10, Page ID# 122.

On February 22, 2016, the court of appeals affirmed, in part, and reversed, in part, and remanded the case to the trial court for the limited purpose of correcting the sentence as to post-release control.  ECF Doc. 7-1 at Ex. 11, Page ID# 123.  On April 19, 2016, the trial court resentenced Silva in accordance with the court of appeals' judgment.  ECF Doc. 7-1 at Ex. 15, Page ID# 145.

### C.      Appeal to the Supreme Court of Ohio

On April 4, 2016, Silva, *pro se,* filed a notice of appeal and memorandum in support of jurisdiction with the Ohio Supreme Court.  ECF Doc. 7-1 at Exs. 12 & 13, Page ID# 132, 134.  Silva's memorandum in support of jurisdiction advanced two propositions of law:

> Proposition of Law No. I:  The sentence imposed upon defendant-appellant was contrary to law and an abuse of discretion.
>
> Proposition of Law No. II:  The trial court judge abused his discretion in not appointing appellate counsel for defendant-appellant, and the Henry County Clerk of Courts was derelict in their (sic) duty in not notifying the trial court judge of the appellate court's order.

ECF Doc. 7-1 at Ex. 13, Page ID# 135.  On June 29, 2016, the Ohio Supreme Court declined to accept jurisdiction.  ECF Doc. 7-1 at Ex. 14, Page ID# 144.

### D.      Federal Habeas Corpus Petition

On November 14, 2016, Silva filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting two grounds for relief:

GROUND ONE:  Petitioner was denied due process and equal protection of law under the XIV Amendment of the U.S. Constitution when the trial judge imposed a maximum sentence contrary to law and in abuse of judicial discretion.

SUPPORTING FACTS:  At Petitioner's sentencing hearing the trial judge did not cite any of the factors under O.R.C. 2929.12(B) that make an offender's conduct more serious than other offenders.  The trial judge also did not look at the mitigating factors of the Petitioner seeking medical assistance for the victim of the offense.  This abuse of judicial discretion in sentencing by not looking to the minimum sanctions per R.C. 2929.11(A) can be bought (sic) to federal review per *Bouie v. City of Columbia,* 378 U.S. 347, 354, 84. S. Ct. 1697, 12 L.Ed.2d 894 (1964).

GROUND TWO:  Petitioner was denied his VI Amendment right to counsel when the trial court judge refused to appoint appellate counsel, and the Henry County Clerk of Courts was derelict in their (sic) duty in not notifying the trial judge of the appellate court's order.

SUPPORTING FACTS:  On 02-04-16, Billy Harmon, Petitioner's appellate counsel was allowed to withdraw by the appellate court.  Trial judge never reappointed counsel.  This violates Petitioner's right to counsel per *Gideon v. Wainwright,* 372 U.S. 335, 83 S. Ct. 792, 9 L.Ed.2d 790, 93 A.L.R. 733 (1963) & the VI Amendment.  The court can not (sic) assume that Petitioner's silence is a waiver of counsel.  Also the Henry County Clerk of Court may have been derelict in their (sic) duty to inform the trial court judge of this decision, and also derelict in giving Petitioner a copy of the appellate court decision necessitating Petitioner to use the LEXIS copy of the decision of the Ohio Supreme Court.

ECF Doc. 1, Page ID# 5, 7.  Respondent filed a return of writ on January 24, 2017.  ECF Doc. 7 at Page ID# 39.  Petitioner filed a traverse on February 27, 2017.  ECF Doc. 8 at Page ID# 194.

## III.   General Standards of AEDPA Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs Silva's petition for writ of habeas corpus.  *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *Murphy v. Ohio*, 551 F.3d 485, 493 (6th Cir. 2009).  AEDPA, which amended 28 U.S.C. § 2254, was enacted "to reduce delays in the execution of state and federal criminal sentences…and 'to further the principles of comity, finality, and federalism.'"  *Woodford v. Garceau*, 538 U.S. 202, 206 (2003) (quoting *(Michael) Williams v. Taylor*, 529 U.S. 420, 436 (2000)).

AEDPA "recognizes a foundational principle of our federal system:  State courts are adequate forums for the vindication of federal rights." *Burt v. Titlow*, 571 U.S. 12, 134 S. Ct. 10, 15, 187 L.Ed.2d 348 (2013).  It therefore "erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court."  *Id*.  One of AEDPA's most significant limitations on district courts' authority to grant writs of habeas corpus is found in § 2254(d).  That provision forbids a federal court from granting habeas relief with respect to a "claim that was adjudicated on the merits in State court proceedings" unless the state-court decision either:

> 1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Habeas courts review the "last *explained* state-court judgment" on the federal claim at issue.  *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991) (emphasis original).  A state court has adjudicated a claim "on the merits," and AEDPA deference applies, regardless of whether the state court provided little or no reasoning at all for its decision.  *Harrington v. Richter*, 562 U.S. 86, 99 (2011).

"Clearly established Federal law" for purposes of § 2254(d)(1) "is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision."  *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003).  It includes "only the holdings, as opposed to the dicta, of [Supreme Court] decisions."  *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014) (internal quotation marks and citations omitted).  The state court decision need not refer to relevant Supreme Court cases or even demonstrate an awareness of them; it is sufficient that the result and reasoning are consistent with Supreme Court precedent.  *Early v. Packer*, 537 U.S.

3, 8 (2002) (per curiam).  And a state court does not act contrary to clearly established law when the precedent of the Supreme Court is ambiguous or nonexistent.  *See, e.g., Mitchell v. Esparza*, 540 U.S. 12, 17 (2003) (per curiam).

"In order to have an unreasonable application of clearly established Federal law, the state-court decision must be 'objectively unreasonable,' not merely erroneous or incorrect.  This standard requires the federal courts to give considerable deference to state-court decisions.  *Forensic v. Birkett*, 501 F.3d 469, 472 (6th Cir. 2007) (citation omitted).  AEDPA essentially says to federal courts, 'Hands off, unless the judgment in place is based on an error grave enough to be called unreasonable.'  *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir. 1998)."  *Wilkins v. Timmerman-Cooper*, 512 F.3d 768, 774 (6th Cir. 2008) (internal quotation marks omitted).

A state court decision is contrary to "clearly established Federal law" under § 2254(d)(1) only "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."  *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).  And "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."  *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

A state court decision is an "unreasonable determination of the facts" under § 2254(d)(2) only if the court made a "clear factual error."  *Wiggins v. Smith*, 539 U.S. 510, 528-29 (2003).  As noted above, a habeas petitioner bears the burden of rebutting the state court's factual findings "by clear and convincing evidence."  *Burt*, 134 S. Ct. at 15; *see also Rice v. White*, 660 F.3d 242, 250 (6th Cir. 2011).  This requirement mirrors the "presumption of correctness" AEDPA affords state-court factual determinations, which only can be overcome by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  The Supreme Court has cautioned, "'a state-court factual determination is not unreasonable merely because the federal habeas court would

have reached a different conclusion in the first instance.'" *Burt*, 134 S. Ct. at 15 (quoting *Wood v. Allen*, 558 U.S. 290, 301 (2010)).

Indeed, the Supreme Court repeatedly has emphasized that § 2254(d), as amended by AEDPA, is an intentionally demanding standard, affording great deference to state court adjudications of federal claims.  The Court has admonished that a reviewing court may not "treat[] the reasonableness question as a test of its confidence in the result it would reach under *de novo* review," and that "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable."  *Harrington*, 562 U.S. at 102; *see also Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)("The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable – a substantially higher threshold.").  Rather, § 2254(d) "reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems" and does not function as a "substitute for ordinary error correction through appeal."  *Harrington*, 562 U.S. at 102-03 (internal quotation marks omitted).  Thus, a petitioner "must show that the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement."  *Id*. at 103.  This is a very high standard, which the Court readily acknowledges:  "If this standard is difficult to meet, that is because it is meant to be."  *Id*. at 102.

## IV.    Analysis and Findings

### A.    Ground One

Silva asserts that the trial court's imposition of a maximum sentence deprived him of due process and equal protection of the law pursuant to the Fourteenth Amendment to the United States Constitution.  Warden Turner argues that Ground One is a non-cognizable claim; that it was procedurally defaulted; and that it otherwise fails on the merits.

### 1.    Procedural Default

A federal court cannot review "contentions of federal law . . . not resolved on the merits in the state proceeding due to respondent's failure to raise them there as required by state procedure." *Wainwright v. Sykes,* 443 U.S. 72, 87 (1977).  When a petitioner "has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); see also *Gray v. Netherland*, 518 U.S. 152, 162 (1996).

Warden Turner contends that Ground One was procedurally defaulted because Silva failed to fairly present and exhaust his federal claims in the state courts.  In order for a state prisoner to seek habeas relief, he must have fairly presented and exhausted his federal claims at all levels in the state court system and have given the state courts a full and fair opportunity to act on those claims before he presents them in a federal § 2254 petition.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999).  The exhaustion requirement affords state courts an opportunity to address and, if necessary, correct any federal constitutional violations that may have occurred in the state courts.  *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995).  In other words, "the highest court in the state in which the petitioner was convicted [must have] been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).  In reviewing the state court proceedings to determine whether a petitioner has "fairly presented" a claim to the state courts, courts have looked to the petitioner's:

> (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial

of a specific constitutional right; or (4) alleging facts well within the mainstream
of constitutional law.

*Whiting v. Burt*, 395 F.3d 602, 613 (6th Cir. 2005).  Although a petitioner need not cite "chapter

and verse" of constitutional law, mere "general allegations of the denial of rights to a 'fair trial'

and 'due process' do not 'fairly present claims' that specific constitutional rights were violated."

*Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004) (internal citations omitted).  The

substance of the federal claims must have been "fairly presented" to the state's highest court

because only in this manner will the state courts have been provided with a full and fair

opportunity to pass upon and correct alleged violations of federal rights.  *See Anderson v.

Harless,* 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982); *Picard v. Connor,* 404 U.S. 270,

275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Duncan v. Henry,* 513 U.S. 364, 115 S.Ct. 887, 888,

130 L.Ed.2d 865, 868 (1995); *Baldwin v. Reese,* 541 U.S. 27, 32-34, 124 S.Ct. 1347, 158

L.Ed.2d 64 (2004).

The exhaustion requirement, however, "refers only to remedies still available at the time

of the federal petition."  *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982).  It "does not require

pursuit of a state remedy whe[n] such a pursuit is clearly futile."  *Wiley v. Sowders*, 647 F.2d

642, 647 (6th Cir. 1981).  If a state prisoner who did not fairly present his federal constitutional

issues in the state courts may no longer do so because of a state procedural bar, a peculiar type of

procedural default arises.  When a petitioner fails to present the claims in state court at all and

has lost the opportunity to do so, or if he fails to present them in compliance with the procedural

requirements of the state courts, he has procedurally defaulted them.

In his direct appeal, Silva challenged the state court's sentence but he did not fairly

present the federal issue he now asserts in Ground One of his habeas petition.  In the Ohio Court

of Appeals, Silva's assignment of error was: "the sentence imposed upon defendant-appellant

was contrary to law and an abuse of discretion."  ECF Doc. 7-1 at Ex. 8, Page ID# 81.  He did

not argue that the trial court's alleged sentencing error violated his federal constitutional rights; he only challenged the trial court's application of state law.

Silva's Traverse argues that he fairly presented his federal issue in state court by citing *Bouie v. City of Columbia,* 378 U.S. 347, 354, 84 S. Ct. 1697, 12 L.Ed.2d 894 (1964) in his memorandum in support of jurisdiction to the Ohio Supreme Court.  But Silva never argued the merits of any federal claim in relation to *Bouie.*  Instead, he merely asserted that if the Ohio Supreme Court did not review his sentence, he would seek federal review under *Bouie.*  ECF Doc. 7-1 at Ex. 13, Page ID# 136-137.  Thus, he did not raise any federal issue in his memorandum to the Ohio Supreme Court.  Moreover, even if his citation to *Bouie* could be considered to have raised a federal constitutional claim in the Ohio Supreme Court, that would still not suffice as a "fair presentation" of his claim, because he did not first raise the argument on his direct appeal in the Ohio Court of Appeals.  By not presenting his federal constitutional claims in state courts, Silva never exhausted his state court remedies as required by AEDPA.  28 U.S.C. § 2254(b)(1)(A).  Normally, that would require this court to dismiss the petition in order to allow Silva the opportunity to return to state court to exhaust his remedies.

Directing Silva to return to state court to exhaust his remedies now, however, would be futile.  Silva can no longer remedy his failure to present his federal claim to the state courts.  Ohio law does not allow prisoners to raise for the first time on collateral review a claim that could have been brought on direct appeal.  *See State v. Szefcyk,* 77 Ohio St.3d 93, 1996 Ohio 337, 671 N.E.2d 233, 235 (1996).  Accordingly, because no state remedies to address Silva's purported federal constitutional claims are now available, he has procedurally defaulted Ground One of his petition.

When a petitioner "has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred

unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); see also *Gray v. Netherland*, 518 U.S. 152, 162 (1996).  To evaluate a petitioner's cause and prejudice arguments, the court must conduct a four-step analysis to determine whether the petitioner has indeed defaulted and, if so, whether the procedural default may be excused:

> First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule . . . .  Second, the court must decide whether the state courts actually enforced the state procedural sanction . . . .  Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim… This question generally will involve an examination of the legitimate state interests behind the procedural rule in light of the federal interest in considering federal claims . . . .  [Fourth, if] the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate. . . that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith,* 785 F.2d 135, 138 (6th Cir. 1986).  The determination of whether cause existed ordinarily turns on "whether the prisoner can show that some objective factor external to the defense impeded his efforts to comply with the State's procedural rule."  *Murray v. Carrier,* 477 U.S. 478, 488 (1986).  Silva does not argue that something caused him not to assert his federal claim in state court; instead, he argues that he *did* assert it in his memorandum to the Ohio Supreme Court.  Had he attempted to argue something caused his default he would have countered his own argument.

Silva could have overcome his procedural default had he made an argument, supported by new reliable evidence, that he was innocent of the crimes of which he was convicted.  In *Schlup v. Delo*, 513 U.S. 298, 314-315, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995), the Supreme Court held that a habeas petitioner who makes a "colorable showing of actual innocence" that

11

would implicate a "fundamental miscarriage of justice" may be entitled to have "otherwise barred constitutional claim[s] considered on the merits."  This exception is concerned with actual, as opposed to legal, innocence and must be based on reliable evidence not presented at trial.  *Schlup,* 513 U.S. at 324; *Calderon v. Thompson,* 523 U.S. 538, 559 (1998).  In such cases, a petitioner must "support his allegations of constitutional error with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial."  *Schlup,* 513 U.S. at 324.  Silva has not made an actual innocence argument founded upon new evidence not available to him at the time of his trial.  *Schlup,* 513 U.S. at 324.  He only argues that the trial court erred in sentencing him.

In summary, there is no basis upon which to excuse the procedural default arising from Silva's failure to fairly present and exhaust his Ground One issue in the state courts.  I recommend that Ground One be dismissed on that basis.

### 2.      Cognizable Federal Claim

Warden Turner also argues that Ground One does not present an issue cognizable on federal habeas review.  A federal court's consideration a state prisoner's habeas petition is governed by 28 U.S.C. § 2254(a), which permits the state prisoner to challenge his custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  *Id.*  To say that a petitioner's claim is not cognizable on habeas review is another way of saying that his claim "presents no federal issue at all."  *Bates v. McCaughtry,* 934 F.2d 99, 101 (7th Cir. 1991).

Federal habeas corpus relief "does not lie for errors of state law."  *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990), and the federal court is bound by the state court's interpretations of state law.  *See e.g. Wainwright v. Goode,* 464 U.S. 78, 84 (1983).  A federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or

procedure.  *Allen v. Morris,* 845 F.2d 610, 614 (6th Cir. 1988) (citing *Oviedo v. Jago,* 809 F.2d 326, 328 (6th Cir. 1987).  "[F]ederal courts must defer to a state court's interpretation of its own rules of evidence and procedure" in considering a habeas petition.  *Allen,* 845 F.2d at 614, quoting *Machin v. Wainwright,* 758 F.2d 1431, 1433 (11th Cir. 1985).

Silva contends that the trial court violated his Fourteenth Amendment rights by sentencing him to a maximum sentence.  But, "a state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."  *Howard v. White,* 76 F. App'x 52, 53 (6th Cir. 2003).  "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  *Estelle v. McGuire,* 502 U.S. 62, 68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991).  The "actual computation of [a prisoner's] term involves a matter of state law that is not cognizable under 28 U.S.C. § 2254."  *Kipen v. Renico,* 65 F. App'x 958, 959 (6th Cir. 2003) (citing *McGuire*, 502 U.S. at 68).

Silva argues that the trial court violated the principles announced in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000) and *Blakely v. Washington,* 542 U.S. 296, 124 S. Ct. 2531, 159 L.Ed.2d 403 (2004), by making findings of fact to enhance his sentence.  *Apprendi* held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime *beyond* the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  *Apprendi*, 530 U.S. at 490 (emphasis added).  In *Blakely*, the Supreme Court explained that the "'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant."  *Thompson v. Warden, Belmont Correctional Inst*., 598 F.3d 281, 286 (6th Cir.2010)(citing *Blakely*, 542 U.S. at 303).  Here, the trial court's sentence was not beyond – or greater – than the prescribed statutory maximum prison term.

Consequently, there was no violation of *Apprendi* or *Blakely*.  In *Alleyne v. United States,* the

Supreme Court explained:

> [W]e take care to note what our holding does not entail.  Our ruling today does
> not mean that any fact that influences judicial discretion must be found by a jury.
> We have long recognized that broad sentencing discretion, informed by judicial
> factfinding, does not violate the Sixth Amendment.  *See, e.g., Dillon v. United
> States,* 560 U.S. 817, 828, 130 S.Ct. 2683, 2692, 177 L.Ed.2d 271 (2010)
> ("[W]ithin established limits[,] . . . the exercise of [sentencing] discretion does not
> contravene the Sixth Amendment even if it is informed by judge-found facts"
> (emphasis deleted and internal quotation marks omitted)); *Apprendi*, 530 U.S., at
> 481, 120 S.Ct. 2348 ("[N]othing in this history suggests that it is impermissible
> for judges to exercise discretion - taking into consideration various factors
> relating both to offense and offender - in imposing a judgment within the range
> prescribed by statute").
>
> \*\*\*
>
> "[E]stablishing what punishment is available by law and setting a specific
> punishment within the bounds that the law has prescribed are two different
> things." *Apprendi*, supra, at 519, 120 S.Ct. 2348 (THOMAS, J., concurring). Our
> decision today is wholly consistent with the broad discretion of judges to select a
> sentence within the range authorized by law.

*Alleyne v. United States*, 570 U.S. 99, 116-117 (2013).  Here, there is no dispute that the trial

court sentenced Silva within the Ohio law sentencing range.  The trial court's consideration of

various facts in imposing sentence did not violate the principles of *Apprendi*.  Moreover, here,

the trial judge *was* the trier of fact, so there can be no viable way for Silva to argue that the

sentencing judge relied on facts that were not first considered by the trier of fact.

Finally, the court notes that Silva has requested a hearing to "resolve . . . disputed matters

of fact and law."  ECF Doc. 8 at Page ID# 195.  Silva seeks to develop more evidence on the trial

court's sentencing.  Because this claim is procedurally defaulted and only involves a state law

issue, there is no need for such a hearing in this case.  Moreover, before this court could hold an

evidentiary hearing, Silva would be required to demonstrate cause and prejudice excusing his

failure to develop these facts in the state court.  *Abdur'Rahman v. Bell,* 226 F.3d 696, 717-718

(6th Cir. 2000).  Silva is not entitled to a hearing on this issue.

14

Because Ground One of Silva's petition only involves an issue of state law, I recommend that the Court find that Silva's first ground for relief is not cognizable before this court.

### 3. AEDPA Review

Finally, Warden Turner argues that this court is bound by the state's interpretation of its own law.  In considering Silva's sentencing argument, the state court of appeals stated:

> Despite Silva's arguments, we cannot find the trial court's sentence improper. The trial court clearly stated that it had considered the appropriate statutory authority and it stated that it had considered Silva's criminal history.  In addition, the trial court indicated that it considered the facts of the situation, given that it stated that it had reviewed the pre-sentence investigation multiple times.  As Silva did have a significant criminal history, including a history of violent offenses, and as Silva did severely injure the victim, restrain her, and threaten to kill her, we cannot find that the trial court erred in ordering a maximum sentence in this case.

*State v. Silva,* 3rd Dist. Henry No. 7-15-07, 2016- Ohio-633.  The undersigned agrees with respondent that this court must defer to the state court of appeals decision.  *See McGuire*, 502 U.S. at 68.  Silva's sentencing argument was adjudicated on the merits and did not involve an unreasonable application of Federal law as determined by the U.S. Supreme Court.  Nor did it involve an unreasonable determination of facts.  28 U.S.C. § 2254(d).

Because Ground One of Silva's petition is procedurally defaulted; does not present an issue cognizable on habeas review; and because the state's interpretation of its sentencing laws did not involve an unreasonable application of Federal law and is entitled to deference, Ground One must be dismissed.

### B. Ground Two

In his Ground Two claim for relief, Silva contends his Sixth Amendment right to counsel was violated when he was forced to conclude his direct appeal without replacement counsel having been appointed to his case.  There is no dispute that Silva's original appellate counsel was granted leave to withdraw after taking a different job, and no dispute that the trial court did not appoint

replacement counsel, despite an order of the Ohio Court of Appeals to do so.  Warden Turner argues that Ground Two lacks merit because Silva was represented by appellate counsel in the preparation of his merit brief and through the point at which the parties agreed to waive oral argument and submit the case on the briefs.  He contends that the trial court's failure to appoint replacement counsel was, at most, harmless error because Silva was not prejudiced.  Silva alleges prejudice because he was never sent a copy of the court of appeals decision and, therefore, lacked an appropriate copy of the document to file with his Ohio Supreme Court appeal.  But the warden points out that Silva independently obtained a copy of the court of appeals' decision and filed a timely appeal, which the Ohio Supreme Court accepted for docketing despite any insufficiency in the records submitted.  ECF Doc. 7, Page ID# 53.

A petitioner can raise a violation of his Sixth Amendment rights when he received ineffective assistance of counsel or when he was actually or constructively denied the assistance of counsel altogether.  *Roe v. Flores-Ortega,* 528 U.S. 470, 483, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000).  The Sixth Circuit has held that the failure of counsel to inform a defendant of the decision of the Ohio Court of Appeals affirming his conviction constitutes ineffective assistance. *Smith v. Ohio Dep't of Rehab. & Corr.,* 463 F.3d 426, 435 (6th Cir. 2006); *See Paris v. Turner,* 1999 U.S. App. LEXIS 11101 at *7 (6th Cir. 1999).  And, when a defendant can show that this ineffective assistance denied him the opportunity to appeal, prejudice is presumed.  *Flores-Ortega,* 528 U.S. at 483.  However, for this presumption to apply, the defendant must demonstrate that counsel's deficient performance "actually cause[d] the forfeiture of the defendant's appeal."  *Id.* at 484.

Counsel appointed for Silva's appeal to the Ohio Court of Appeals represented him through the filing of Silva's brief.  After Silva's brief was filed, appellate counsel moved to withdraw because he had accepted a different job.  The court of appeals granted the motion to withdraw and

16

ordered the trial court to appoint new counsel.  However, no counsel was appointed.  It is apparent that Silva was denied the assistance of counsel at a time when he was entitled to it.  He did not receive notice from counsel that the court of appeals had issued a decision.

The flaw in Ground Two of Silva's petition is that he cannot show prejudice caused by his lack of counsel at the end-stage of his appeal.  Silva obtained a copy of the court of appeals decision from LEXIS.  ECF Doc. 8 at Page ID# 197.  He filed a timely appeal with the Ohio Supreme Court and a memorandum in support of jurisdiction.  ECF Doc. 7-1 at Exs. 12 & 13, Page ID# 132-143.  He was not entitled to counsel in his appeal to the Ohio Supreme Court.  *Ross v. Moffitt,* 417 U.S. 600, 610, 94 S. Ct. 2437, 41 L.Ed.2d 341 (1974).  Silva states that he was prejudiced but provides no factual support for the contention.  He has identified no actual prejudice caused by counsel's withdrawal and failure to notify him of the court of appeals' decision.  ECF Doc. 8 at Page ID# 197.  An independent review of the record does not reveal any prejudice resulting from appellate counsel's withdrawal after Silva's appellate brief was submitted.

Because Silva cannot demonstrate prejudice arising from the lack of appellate counsel during a brief interval of his appeal or from his failure to receive formal notification of the outcome of his appeal from his attorney or the Ohio Court of Appeals, I recommend that the court dismiss Ground Two of Silva's habeas petition.

### C.        Recommendation Regarding Certificate of Appealability

As amended by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2253(c)(1) provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability.  The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue.  Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further."'"  *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983)); *accord Slack v. McDaniel*, 529 U.S. 473, 483-484 (2000).  The statute requires that certificates of appealability specify which issues are appealable.  28 U.S.C. § 2253(c)(3).

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254.  The rule tracks the requirement of § 2253(c)(3) that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253(c)(2)," Rule 11(a).  In light of the Rule 11 requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, a recommendation regarding the certificate of appealability issue is included here.

Where, as here, a ground is to be dismissed on a procedural basis, the inquiry under § 2253(c) is two-fold.  In such cases, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 485 (emphasis

18

added).  As the Court explained, "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.  In such a circumstance, no appeal would be warranted."  *Id*. at 486.

Ground One of Silva's petition is procedurally barred.  He did not raise any Federal issues in his direct appeal and is now barred from raising them on habeas review.  Ground One also fails to present an issue cognizable on habeas review.  And, the state court of appeals addressed the merits of Ground One.  Silva has failed to show an unreasonable application of Federal law or any unreasonable determination of facts.  Habeas relief is not available for the issues identified in Ground One or Ground Two of Silva's petition.  This is not debatable among jurists of reason and I recommend that no certificate of appealability issue in this case.

## V.      Recommendations

Because Silva's grounds for relief are procedurally defaulted, present non-cognizable issues on habeas review or otherwise lack merit, I recommend that the court DENY his petition under 28 U.S.C. § 2254.

Dated: July 18, 2018

Thomas M. Parker

United States Magistrate Judge

---

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  See *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Thomas v. Arn,* 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).